# DEMBO, BROWN & BURNS LLP
ATTORNEYS AT LAW

Leon D. Dembo*
James W. Burns*
Michael E. Brown*
—
Kyle F. Eingorn*
—
*Member NJ & PA Bar

1300 ROUTE 73
SUITE 205
MOUNT LAUREL, NEW JERSEY, 08054

August 14, 2017
**via ELECTRONIC FILING**

Telephone:
856-354-8866 Ext. 336

Direct Fax:
856-354-0971

E-Mail
KEingorn@dbblegal.com

The Honorable Jerrold N. Poslusny, U.S.B.J.
United States Bankruptcy Court
U.S. Post Office and Courthouse
401 Market Street
Camden, NJ 08101

    RE:    **In re Ernest M. Howard**
             **Case No.: 17-22202-JNP**
             **Our File No.: 13819**
             **McCormick 106, LLC's Reply to Opposition to Certification of Default**

Dear Judge Poslusny:

This firm represents secured creditor, McCormick 106, LLC (the "Lender") in the above referenced bankruptcy case. Kindly accept this letter brief in lieu of a more formal brief in reply to the Debtor's Opposition (the "Opposition") to the Lender's Certification of Default (the "Motion"). Initially, it must be noted that the Debtor's Opposition was filed AFTER the Court's August 11, 2017 objection deadline and is now time barred.

To the extent that Your Honor is inclined to consider the Debtor's Opposition, it is respectfully submitted that not only has the Debtor admitted the alleged default but has also admitted an additional default under the terms of Your Honor's July 14, 2017 Order Granting Motion to Continue Automatic Stay [Doc 27] (the "Order"). As an initial matter, it bears noting that this is the Debtor's Second Bankruptcy filing in a five (5) month span and that this Second Bankruptcy was filed a mere month after the Lender obtained stay relief in the Debtor's First

Bankruptcy <u>due to the Debtor's failure to make a single payment to the Lender during the entirety of that case</u>.

As set forth in the Motion, the Debtor's initial payment to the Lender in this Second Bankruptcy was returned for insufficient funds. That payment was integral to the Debtor's argument in support of his Motion to Extend the Automatic Stay and his allegation of good faith in support thereof. The Court granted the extension of the automatic stay; however, contingent upon the Debtor timely making his monthly payments to the Lender. The Order [Doc 27] specifically provides that the "Debtor **must timely** make all regular monthly mortgage payments…" (emphasis added)

In his Opposition, the Debtor admits that he bounced his check (again the one he used to support an allegation of good faith) and admits that he still has not made his August 2017 payment to the Lender [Doc 35 at p. 2][1]. As the Debtor's Opposition was filed on August 14, 2017, he is therefore admitting to the Court that he is again in default of the terms of Your Honor's Order. Unbelievably, the Debtor's Opposition consists of a bald certification bereft of a single scrap of documentary evidence. The Debtor has failed to produce a copy of the newly issued check (if one really exists), proof of the funds sufficient to fund the alleged replacement payment, or proof that the Debtor has the ability to make the August 2017 payment, which again is delinquent in default of Your Honor's Order.

Therefore, since the Debtor has admitted his default under the Court's Order and has admitted to an additional default thereunder (failure to timely make the August 2017 payment), there can be no dispute that the Lender "shall be entitled to stay relief…" [Doc 27] As such, the Lender respectfully requests the entry of an Order granting the Lender relief from the automatic

---

[1] The Debtor states he will make the payment "shortly." In considering the word shortly, the Court should also consider the Debtor's payment history in this case and in his First Bankruptcy, wherein this firm has record of one (1) single payment, which was returned for insufficient funds.

stay to pursue its rights as a secured creditor in the property located at: 5303 Harding Way, Unit 107, Mays Landing, New Jersey.

We thank the Court for its time and courtesies in this regard.

Respectfully submitted,
**DEMBO, BROWN & BURNS** LLP

Kyle F. Einhorn

KFE/nv
Cc:   Steven A. Silnutzer, Esquire