# DEMBO, BROWN & BURNS LLP
ATTORNEYS AT LAW

Leon D. Dembo*
James W. Burns*
Michael E. Brown*
—
Kyle F. Eingorn*
—
*Member NJ & PA Bar

1300 ROUTE 73
SUITE 205
MOUNT LAUREL, NEW JERSEY, 08054

November 7, 2017
via ELECTRONIC FILING

Telephone:
856-354-8866 Ext. 336

Direct Fax:
856-354-0971

E-Mail
KEingorn@dbblegal.com

The Honorable Jerrold N. Poslusny, U.S.B.J.
United States Bankruptcy Court
U.S. Post Office and Courthouse
401 Market Street
Camden, NJ 08101

    RE:    **In re Ernest M. Howard**
           **Case No.: 17-22202-JNP**
           **Our File No.: 13819**
           **McCormick 106, LLC's Opposition to Debtor's Motion to Reimpose**
           **Automatic Stay**
           **Hearing Date: November 14, 2017**

Dear Judge Poslusny:

This firm represents secured creditor, McCormick 106, LLC ("McCormick") in the above referenced bankruptcy case. Kindly accept this letter brief in lieu of a more formal brief in opposition to the Debtor's Motion to Reimpose the Automatic Stay (the "Motion").

By way of background, McCormick is a secured claimant with a mortgage on the Debtor's rental property located at: 5303 Harding Way, Unit 107, Mays Landing, New Jersey (the "Property"). This is the Debtor's Second Bankruptcy having previously filed on January 27, 2017 under case number 17-11622 (the "First Bankruptcy"). McCormick was granted relief from the automatic stay in the First Bankruptcy on May 23, 2017, as the Debtor did not make a single post-petition payment to McCormick during that case. The Debtor then filed this Second Bankruptcy less than one (1) month later, on June 14, 2017. The Debtor filed a motion to extend

the automatic stay, however, the Debtor failed to properly address the good faith requirement to extend the automatic stay. On July 14, 2017 Your Honor held an evidentiary hearing on the issue. During the hearing, the Debtor claimed he made his first post-petition payment to McCormick and, based in part upon that assertion, Your Honor then entered an Order [Doc 27] on July 14, 2017 reimposing the automatic stay as to McCormick (the "Order"). The Order was not without limitations; however, as the Debtor was required to timely make his payments to McCormick, to the taxing authority and to the condo association going forward.

Thereafter, the payment the Debtor relied upon in alleging "good faith" was dishonored due to insufficient funds. As such, McCormick filed a Certification of Default under the July 14, 2017 Order [Doc 31]. In his Opposition to the Certification of Default, the Debtor admitted he bounced his check and that he failed to make his monthly payment for August 2017 as well. Another hearing was held on August 29, 2017, during which time, McCormick was granted relief from the automatic stay [Doc 42].

Now after all of the Debtor's prior post-petition defaults, prior litigation and the costs associated therewith, the Debtor seeks to reimpose the automatic stay. However, the Debtor makes no attempt to address or even cite the legal standard for the reimposition of the automatic stay. As the Court is aware:

> [t]he standards for allowing the reinstatement, pursuant to 11 U.S.C. § 105(a), of an automatic stay from which relief has been granted has been set down in In re Wedgewood Realty Group, Ltd., 878 F.2d 693, 701 (3d Cir.1989), as follows:
>
> In order to obtain section 105(a) injunctive relief, the debtor, in accordance with Bankruptcy Rule 7065 and Fed.R.Civ.P. 65, has the burden of demonstrating to the court the following: [1] substantial likelihood of success on the merits, [2] irreparable harm to the movant, [3] harm to the movant outweighs harm to the nonmovant, and [4] injunctive relief would not violate public interest.

In re Smith, 111 B.R. 102, 104–05 (Bankr. E.D. Pa. 1990). In this matter, the Debtor has failed to address the relevant standard but instead merely argues that he has now caught up on his post-petition payments. This argument is willfully ignorant of the totality of the circumstances including the fact that the Debtor has no ability to confirm or consummate his Plan.

In fact, the Debtor cannot meet even the first element of the relevant standard. Clearly based upon the history of this case, the Debtor has no likelihood of success on the merits. Although the Debtor claims that he has caught up on his mortgage payments to McCormick; the evidence demonstrates that the Debtor's case is unsustainable as he is "robbing Peter to pay Paul." The first evidence of the Debtor's inability to support his plan is his failure to make his plan payments. As set forth in Exhibit A attached hereto, the Debtor has fallen behind in his monthly payments to the Trustee and has until November 11, 2017 to make said payments before his case is dismissed.

In addition, as can be seen in his Certification in support of his Motion, the Debtor states that his financial condition improved as he evicted a non-paying tenant from his Millville property. [Doc 57-1 at para. 6] It is unknown how evicting a non-paying tenant would increase the Debtor's income or change his financial status; however, it appears that if the Debtor no longer has income from one of his rental properties he must shift income from another area to pay the carrying costs of the unoccupied Millville property. This is just one implication that he is shifting his income from one obligation to another, which is further evidenced by his car payments and the order for relief against 21 Morning Glory Court, Egg Harbor Township, New Jersey (the "Egg Harbor Property") [Doc49].

In fact, on October 26, 2017, the Debtor entered into a "Consent Order Modifying Stay as to Motor Vehicle 2012 BMW 7 Series Sedan" [Doc 59]. As can be seen in his opposition to said

motion [Doc 53], the Debtor acknowledges that he "has had some problems with getting rent from tenants which put [him] behind on bills including [his] payments to BMW." Now the Debtor must cure three (3) post-petition payments to BMW each in the amount of $888.54[1]; therefore requiring him to pay BMW the monthly amount of $1,777.08 for three (3) months. The Debtor must also pay an additional $531.00 through his plan (upon which he is already in default in his payments) on account of BMW's legal fees [Doc 59]. Due to the fact that the Debtor admits he just evicted one of his tenants, it is unknown how the Debtor intends to make these exorbitant loan payments to BMW, carry an unoccupied property, and cure his arrears to the Trustee. To that end, since the BMW does not generate income, it can only be assumed that the Debtor will again be diverting funds from another source to pay BMW, which may include the amounts he would otherwise be paying to McCormick and/or the Trustee.

In similar fashion, the Debtor cannot dispute that he missed multiple post-petition payments on his mortgage on the Egg Harbor Property [Doc 41-1] and that stay relief has been granted to Nationstar Mortgage LLC so that it too can proceed with foreclosure. The clear implications of the Debtor's continued defaults both inside and outside of his plan are that he simply does not have the ability to succeed on the merits of his plan and his efforts to continually shift him income from one obligation to another have been unsuccessful. The reality here is that the Debtor's Plan is unsustainable and as such, the Debtor simply cannot support his Motion to Reinstate the Automatic Stay.

Secondly, the Debtor cannot demonstrate irreparable harm. As set forth above and as previously admitted by the Debtor, the Property is a rental property and NOT the Debtor's residence. [Doc 57-1 at Para.2] Although the Debtor has indicated that the Property is now

---

[1] Tangentially, McCormick would submit that payment of $888.54 per month for a luxury motor vehicle is simply not in the spirit of bankruptcy.

rented, it is unknown whether said rents are sufficient to cover the carrying costs. To that end, as set forth above, Your Honor's Order requires the Debtor to remain current on the taxes, condominium dues and the water and sewer charges. [Doc 27] However, the Debtor fails to address these items in his Motion and as such it is unknown if the Debtor is even compliant with the Order. To that end, it is unknown how the Debtor could even allege irreparable harm when he has presumably not complied with the terms of the Order.

Third, the harm to McCormick outweighs the harm to the Debtor. As set forth above the Debtor has defaulted on his obligations on multiple occasions (under the Loan Documents, under the Court's Order and under his Plan) and even relied upon a dishonored check to support his prior motion to extend the automatic stay. Based upon the Debtor's actions, McCormick has been prejudiced by the continued defaults and the costs and delays associated therewith. In addition, in reliance upon the Court's Order, McCormick has also begun its foreclosure action and incurred the costs associated therewith. To that end, the harm to McCormick outweighs the harm to the Debtor who clearly cannot support the Property, cannot support his Plan or his payments to other creditors, has breached not only the Loan Documents but also defaulted under the Court's Order and for which admittedly does not live in the Property but rents same to a tenant for an unknown amount. Accordingly, there can be no dispute that the balance of the harms weighs in favor of McCormick.

Lastly, public policy favors denial of the Debtor's Motion. The Debtor's repeated defaults (under the Loan Documents, the Court's Order, his own Plan, and his obligations to other creditors in both this case and his First Bankruptcy) have been a waste of judicial resources, McCormick's resources and have delayed the exercise of McCormick's rights under its contractual agreements. The Court has an obligation to assure the public, creditors and parties

in interest that Orders will be subject to finality and will not be subject to repeated attack through refilings and subsequent motions to reimpose the automatic stay. Simply stated, bankruptcy is intended to be second chance and not a continuing roller coaster of default and litigation.

Even assuming, *arguendo,* that the Debtor has met the standard for reimposing the automatic stay (which he has not), it is clear from the Debtor's multiple defaults that he is clearly unable to confirm a plan of reorganization (as evidenced by his failure to make plan payments, to pay McCormick, to pay Nationstar, and to pay BMW) and as such, McCormick is still entitled to relief from the automatic stay. As the Court is aware, cause exists and a creditor is entitled to "relief from the automatic stay if there is no reasonable likelihood of reorganization due to creditor dissent or feasibility considerations." In re Fairfield Executive Associates, 161 B.R. 595, 599 (D.N.J. 1993) (quoting 2 Collier on Bankruptcy, ¶ 362.07 at 362–62). The feasibility requirements include that the debtor be able to make all payments under their proposed plan. 11 U.S.C. §1325(a)(6). Similarly, Courts have held that a creditor is entitled to stay relief where the proposed plan violates the requirements for confirmation. Id. (citing John Hancock Mut. Life Ins. Co. v. Route 37 Business Park Associates, 987 F.2d 154, 157 (3d Cir.1993)). In this case, the Debtor's actions clearly demonstrate that he is unable to make all payments under his proposed plan and as such, McCormick is entitled to relief from the automatic stay regardless of whether the Debtor has satisfied the relevant standard for the reimposition of the automatic stay.

Accordingly, the Court should deny the Debtor's Motion to Reimpose the Automatic Stay as the Debtor has failed to meet the relevant standard for reimposing the automatic stay and as even if said standard were met, the Debtor's inability to confirm his plan gives the Court cause to grant McCormick relief.

We thank the Court for its time and courtesies in this regard.

Respectfully submitted,
DEMBO, BROWN & BURNS LLP

Kyle F. Eingorn

KFE/nv
Enclosure
Cc:   Steven A. Silnutzer, Esquire
      Isabel Balboa, Esquire

# EXHIBIT "A"

# Kyle Eingorn

| | |
|---|---|
| **From:** | cmecf_help_desk@njb.uscourts.gov |
| **Sent:** | Wednesday, November 01, 2017 11:05 AM |
| **To:** | no-reply@njb.uscourts.gov |
| **Subject:** | Ch-13 17-22202-JNP Hearing Held - Ernest M. Howard |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

U.S. Bankruptcy Court

District of New Jersey

Notice of Electronic Filing

The following transaction was received from dac entered on 11/01/2017 at 10:50 AM EDT and filed on 11/01/2017

**Case Name:** Ernest M. Howard
**Case Number:** 17-22202-JNP
**Document Number:**

**Docket Text:**
Minute of 11/1/2017, OUTCOME - Ten (10) Days to Become Current or Case Dismissed (related document(s): [21] Chapter 13 Plan and Motions filed by Ernest M. Howard) (dac)

The following document(s) are associated with this transaction:


**17-22202-JNP Notice will be electronically mailed to:**

Isabel C. Balboa
ecfmail@standingtrustee.com, summarymail@standingtrustee.com

Michael E. Brown on behalf of Creditor McCormick 106, LLC
mbrown@dbblegal.com

Denise E. Carlon on behalf of Creditor The Bank of New York Mellon
dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Denise E. Carlon on behalf of Creditor C/O Bank Of America THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2006-OA10 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA10

1

dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Laura M. Egerman on behalf of Creditor The Bank of New York Mellon
bkyecf@rasflaw.com, bkyecf@rasflaw.com;legerman@rasnj.com

Kyle Francis Eingorn on behalf of Creditor McCormick 106, LLC
keingorn@dbblegal.com

Deborah T. Feldstein on behalf of Creditor TTLBL, LLC
dfeldstein@caplaw.net

Linda S. Fossi on behalf of Creditor PCII REO LLC
lfossi@zeitzlawfirm.com, gzeitz@zeitzlawfirm.com;cdillon@zeitzlawfirm.com;rzeitz@zeitzlawfirm.com

Jeanette F. Frankenberg on behalf of Creditor Nationstar Mortgage LLC as servicng agent for THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Inv
cmecf@sternlav.com

Miriam Rosenblatt on behalf of Creditor Deutsche Bank National Trust Company
bkyecf@rasflaw.com, mrosenblatt@rasflaw.com

Jason Brett Schwartz on behalf of Creditor BMW Bank of North America
jschwartz@mesterschwartz.com

Steven A. Silnutzer on behalf of Debtor Ernest M. Howard
stevenasil2000@yahoo.com, G28047@notify.cincompass.com

U.S. Trustee
USTPRegion03.NE.ECF@usdoj.gov

**17-22202-JNP Notice will not be electronically mailed to:**