# DEMBO, BROWN & BURNS LLP

ATTORNEYS AT LAW

| | | |
|---|---|---|
| Leon D. Dembo* <br> James W. Burns* <br> Michael E. Brown* <br> — <br> Kyle F. Eingorn* <br> — <br> *Member NJ & PA Bar | 1300 ROUTE 73 <br> SUITE 205 <br> MOUNT LAUREL, NEW JERSEY, 08054 <br><br> March 15, 2018 <br> **via ELECTRONIC FILING** | Telephone: <br> 856-354-8866 Ext. 336 <br><br> Direct Fax: <br> 856-354-0971 <br><br> E-Mail <br> KEingorn@dbblegal.com |

The Honorable Jerrold N. Poslusny, U.S.B.J.
United States Bankruptcy Court
U.S. Post Office and Courthouse
401 Market Street
Camden, NJ 08101

    **RE:**   **In re Ernest M. Howard**
            **Case No.: 17-22202-JNP**
            **Our File No.: 13819**
            **McCormick 106, LLC's Objection to Confirmation of the Debtor's Second**
            **Modified Plan**
            **Hearing Date: April 4, 2018**

Dear Judge Poslusny:

This firm represents secured creditor, McCormick 106, LLC (the "Lender") in the above referenced bankruptcy case. Kindly accept this letter brief in lieu of a more formal objection to confirmation.

As the Court will recall, McCormick is a secured creditor with a mortgage on the real property located at: 5303 Harding Way, Unit 107, Mays Landing, New Jersey (the "Property"). After a significant amount of litigation, on or about December 6, 2017, the Court entered an Order granting McCormick relief from the automatic stay to proceed against the Property in a foreclosure action (the "Order"). See Doc 68. The Order specifically provides that "[t]he Debtor is not afforded any further opportunities to catch up and/or to seek to reimpose the automatic stay." Id. The Debtor's Plan [Doc 21] provided for the cure and reinstatement of the loan to

McCormick and as such McCormick objected [Doc 71] to the Plan to the extent the Plan would affect the Court's Order.

After filing the objection, the Debtor filed a Modified Plan [Doc 73]; however, despite McCormick's objection [Doc 71], the Modified Plan still provided for the cure and reinstatement of the obligation to McCormick. Id, at p. 4. Based upon the unequivocal language of the Order, McCormick objected to the confirmation of the Debtor's Modified Plan to the extent that it would affect McCormick's rights under the Order and/or to proceed with its rights as a secured creditor in the foreclosure action.

Thereafter, the Debtor again modified his plan [Doc 80]; this time stating: "Mortgage to McCormick 106/BSI Mortgage to be paid outside of plan." Id. at p. 5. McCormick objects to the Debtor's Second Modified Plan to the extent that it creates an obligation on McCormick to permit the Debtor cure and reinstate his loan in contravention of Your Honor's Order and state law.

We thank the Court for its time and consideration in this regard.

Respectfully submitted,<br>
DEMBO, BROWN & BURNS LLP<br>
<br>
Kyle F. Eingorn

KFE/nv
Cc:  Steven A. Silnutzer, Esquire
     Isabel Balboa, Esquire
     Joseph Orzolek